| 60 | 49 |
|----|-----|
| 39a | 489 |

| 60 | 49 |
|----|-----|
| 103a | 407 |

## EDWIN MEAD

*v.*

## JEFFERSON MUNSON.

FRAUD AND CIRCUMVENTION—*diligence required of the maker of a note.* Where a party was induced to sign a promissory note upon the representation of the payee that a guaranty should be written upon the back of it that the note should not be paid unless the consideration therefor should prove to be profitable, and he delivered the note, supposing such guaranty had been indorsed upon it, but the same was, in fact, written upon another piece of paper, and the consideration turned out to be worthless, it was *held*, it appearing the maker of the note could read and write with facility, that the defense that the execution of the note was obtained through fraud and circumvention, would not avail him as against an innocent assignee

4—60TH ILL.

before maturity, as the maker of the note could not have been so imposed upon if he had exercised due diligence.

APPEAL from the Circuit Court of Kankakee county; the Hon. CHARLES H. WOOD, Judge, presiding.

This was an action brought by Munson against Mead, on a promissory note executed by the latter in favor of Horn & Hanna, the payees having assigned the note to the plaintiff. The defense interposed was, that the execution of the note was obtained through fraud and circumvention. The plaintiff recovered a judgment in the circuit court, and the defendant appeals.

Mr. B. C. COOK, for the appellant.

Mr. W. H. RICHARDSON, for the appellee.

Per CURIAM: Was there fraud and circumvention in obtaining the execution of the note?

The maker of the note was the only witness.

He testified that the note was given for the privilege of selling the patent right of a hay-loading machine within certain territory; that it was represented to him that if he would give his note, a guaranty should be written upon the back of it that it should not be paid unless the machine proved to be profitable; and that the machine was worthless.

The note was introduced in evidence, and had no guaranty indorsed upon it.

On cross examination, the witness stated that he took a daily newspaper; could read very well; could read writing; that he knew the contents of the note before signing it; that the guaranty was written on another piece of paper, and that he supposed it was written upon the note.

The note was assigned by the payees before maturity.

Under the proof, we can not infer the fraud and circumvention intended by the statute, which shall void the note. To do so, would be to offer a premium for gross negligence.

The maker of the note could read and write with facility, and could not have been imposed upon if he had exercised the most ordinary prudence.

The principle involved in this case is fully settled in *Taylor* v. *Atchison,* 54 Ill. 196; *Leach* v. *Nichols,* 55 Ill. 273.

The judgment must be affirmed.

*Judgment affirmed.*