## THE DWELLING HOUSE INSURANCE COMPANY
### v.
## HENRY BAILEY ET AL.

*Fire Insurance—Note for Premium—Fraud in Procuring.*

Where the agent of an insurance company fraudulently writes a note above the signature of a person who signs what he supposes to be an application for insurance, it is void while in the hands of said company although the person signing might be guilty of such carelessness in not ascertaining what he was signing, as would make him liable to a *bona fide* assignee before maturity.

[Opinion filed January 24, 1891.]

APPEAL from the Circuit Court of Moultrie County; the Hon. J. F. HUGHES, Judge, presiding.

Mr. I. D. WALKER, for appellant.

Messrs. EDEN & COCHRAN, for appellee.

CONGER, P. J. This case is similar in most respects to that of appellant against Downey, 39 Ill. App. 524.

Appellee signed, as he supposed, an application for insurance, but, in fact, signed his name at the bottom of a blank note attached to and at the bottom of the application, which note was afterward filled up by the agent of appellant who

took the application with knowledge at the time, that appellee did not intend to sign a note or paper which should afterward be transformed into a note.   Under such circumstances, while the paper is in the hands of appellant, appellee can successfully resist its payment.

Appellant's counsel make the point that appellee could read and was guilty of gross carelessness in not reading and understanding the paper before he signed it.

In Mead v. Munson, 60 Ill. 49, and in Taylor v. Atchison, 54 Ill. 196, it is held that, when a note has been indorsed before maturity, the maker, before he can sustain the plea of fraud and circumvention, must show that he used reasonable and ordinary prudence to protect himself from imposition. But in the latter case the court say: "As to the payee, it may be otherwise."

Appellee did not sign the note in suit, nor did he intend to sign any note, and we have no hesitation in holding that, when appellant or its agent fraudulently and wrongfully wrote a note above appellee's signature, it was void while in the hands of appellant, although appellee might be guilty of such carelessness in not ascertaining what he was signing as would have made him liable to a *bona fide* assignee before maturity.

Although the questions of fact were contested quite sharply, yet, we see no good reason for interfering with the conclusions reached by the jury, and believing that justice has been done by their verdict, the judgment of the court below will be affirmed.

*Judgment affirmed.*