## DWELLING HOUSE INSURANCE COMPANY
## v.
## M. L. DOWNEY.

*Negotiable Instruments—Note—Execution of—Fraud and Circumvention in Obtaining—Application for Insurance.*

In view of the evidence, this court affirms the judgment for the defendant in an action brought by an insurance company to recover upon a note alleged to have been given by him in payment of the premium on one of its policies, the defendant contending that its execution was procured through circumvention and fraud, he supposing he was signing an application for insurance, instead of a note.

[Opinion filed January 24, 1891.]

APPEAL from the Circuit Court of Moultrie County; the Hon. J. F. HUGHES, Judge, presiding.

Mr. I. D. WALKER, for appellant.

Messrs. EDEN & COCHRAN, for appellee.

CONGER, P. J.   This was an action upon a note for $82, claimed to have been given by appellee to the appellant in payment for a policy of insurance on the dwelling house of appellee. Verdict and judgment below for appellee.

The defense was fraud and circumvention in obtaining the execution of the note. Upon this question there was a sharp

Dwelling House Ins. Co. v. Downey.

conflict in the evidence. According to appellee's evidence, Watkins and Nichols, who were representing appellant, came to his home and spent the night with him. Watkins introduced Nichols as the agent of appellant, and that evening wrote up an application, at the bottom of which was the blank which, when afterward filled up, formed the note in controversy. Appellee claims that the amount of insurance was to be $2,650, and he was to give his note in payment therefor for $62 and some cents; that appellant's agent also induced him to believe that a policy he, appellee, then held on his home in another company was worthless, and that such policy was given up; that he signed what he supposed was the application, but which was in fact the blank note at the bottom of the application, and which was afterward filled up as the note in suit, without the knowledge or consent of appellee. The policy was afterward sent to appellee, and was for $1,650, instead of $2,650, whereupon appellee returned it.

This statement, in many of its parts, was denied by Nichols and Watkins, but the jury have given credence to appellee's version, and after a careful examination of the record we can not say they are unwarranted in so doing. Taking appellee's statement as true, we think the defense was made out.

Whatever might be the rights of a *bona fide* assignee before maturity, as between the original parties the execution of the note was procured by fraud. Appellee had no intention of signing any note whatever, but supposed he was merely signing the application.

From the circumstances it is clear that appellant's agent knew this, and when he afterward made a note above appellee's signature it was, we think, such a fraud as would vitiate the note in the hands of appellant.

The judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*